CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 21 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA, )
) Case No. 7:07CR00034
) (Case No. 7:08CV80062--2255)
)
v. ) **2255 MEMORANDUM OPINION**
)
LUIS FERNANDO VEGA. ) By: Hon. Glen E. Conrad
) United States District Judge

Petitioner Luis Fernando Vega, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Vega challenges the validity of his confinement pursuant to the December 2007 judgment of this court convicting him on drug trafficking charges and sentencing him to 135 months imprisonment. Specifically, Vega complains that the government breached its promise to make a motion for sentence reduction on his behalf based on his substantial assistance to law enforcement authorities. The government filed a motion to dismiss the action, and Vega responded, making the matter ripe for the court's consideration. For the following reasons, the court concludes that the motion to dismiss must be granted.

## Background

A Galax, Virginia police officer stopped Vega's vehicle on April 19, 2007 for traffic infractions. Vega presented identification. The officer immediately discovered that the identification was false and arrested Vega. During a search of Vega's person, incident to arrest, officers found a hotel room key. A drug detection dog sniffed the hotel room door and alerted. Police then obtained a search warrant for the room. Inside, they discovered a substance that later tests indicated to be 303 grams of cocaine powder. After Miranda warnings, Vega made statements implicating himself as part of an organization that distributed significant quantities of cocaine and methamphetamine in Southwest Virginia.

The two-count indictment, returned May 17, 2007, charged Vega with conspiracy to distribute and distribution of cocaine powder and methamphetamine. Vega pleaded guilty on September 18, 2007, pursuant to a written plea agreement, to the conspiracy charge. Paragraph 12 of the Plea Agreement ("PA") stated, in pertinent part: "I further agree to waive my right to collaterally attack, pursuant to [28

U.S.C. § 2255], the judgment and any part of the sentence imposed upon me by the Court." Paragraph 18 of the Agreement states, in pertinent part:

> I understand that "substantial assistance" under Section 5K1.1 of the <u>United States Sentencing Commission Guidelines Manual</u> ("USSG"), is interpreted by the United States Attorney's Office to mean that someone is completely truthful and fully cooperative in the investigation and/or prosecution of another individual. . . . I understand that at the time of the signing of this plea agreement, no one has promised me that such a "substantial assistance" motion will be made on my behalf. I understand that the determination as to whether or not my efforts constitute "substantial assistance" will be solely within the discretion of the United States Attorney's Office. I understand that the evaluation of whether I have rendered "substantial assistance" will be made taking into consideration the following factors:
> 
> A. the significance of my assistance;
> B. the truthfulness, completeness and reliability of my information and assistance that I offer;
> C. whether any information that I offer can be corroborated by other persons or other admissible evidence;
> D. the timeliness of my information and assistance;
> E. any risks that I or my family may incur because of this course of cooperation; and
> F. other factors which may be unique to my case.
> 
> . . . . I understand and agree that this plea agreement is not contingent in any way on the United States making a substantial assistance motion.

Paragraph 23 included the statement: "I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty."

Vega filed this § 2255 motion in June 2008. The court liberally construes his submissions as alleging the following related grounds for relief:

1. No sentence reduction motion was made on defendant's behalf, either at sentencing under USSG § 5K1.1 or after sentencing, based on Fed. R. Crim. P. 35(b).

2. The government failed to adhere to its plea agreement promise to move for a sentence reduction and therefore, is in breach of the agreement.

3. The government should be forced to comply with its commitment to move for a sentence reduction, because defendant cooperated with federal authorities.

4. Defendant is eligible for a sentence reduction motion, because he risked his life and his family's lives by giving information to the government.

Vega asks the court "[t]o construe this petition as a Rule 35 motion for reduction of sentence, in good faith."

2

The government filed a motion to dismiss, arguing that pursuant to his plea agreement, Vega waived his right to bring this action and in the alternative, that his claims alleging his entitlement to a sentence reduction on the ground of substantial assistance are without merit. Vega contends that the waiver does not apply, because his claims pertain "to what actual[ly] took place after sentencing. The government promised to file[ ] the rule 35 after the investigation from [his] information was over." He states that "[t]he government during [its] debriefing, orally informed [him] that upon render[ing] of his 'substantial assistance', that [he] passed the requirement[s]" listed in Paragraph 18 for substantial assistance. He also says that "the government promise[ ] was 'after the fact', not before, nor during the sentencing phase." Vega seeks to enforce the plea agreement's provisions regarding a sentence reduction for substantial assistance.

## Discussion

Both § 5K1.1 of the sentencing guidelines and Rule 35(b) of the Federal Rules of Criminal Procedure, in conjunction with 18 U.S.C. § 3553(e), authorize the government to move for a reduction of a defendant's sentence based on the defendant's substantial assistance to law enforcement authorities, one at the time of sentencing and the other upon completion of the assistance. Frequently, a conditional agreement to this effect is included in the written plea agreement, indicating that if the government finds that the defendant offered substantial assistance, the government will move on his behalf for a sentence reduction. The United States Court of Appeals for the Fourth Circuit has held that "absent a motion by the government, district courts cannot consider whether a defendant is entitled to a downward departure from the Sentencing Guidelines range based on substantial assistance." United States v. Maddox, 48 F.3d 791, 796 (4th Cir.1995) (citing other cases).

The district court has authority, however, to review a prosecutor's decision not to make a motion for reduction based on substantial assistance where: (1) the prosecutor's discretion to file has been superseded by an agreement to file a motion; or (2) the prosecutor's refusal to file is unconstitutional. Wade v. United States, 504 U.S. 181, 185 (1992) (citing Santobello v. New York, 404 U.S. 257, 262-263 (1971); United States v. Conner, 930 F.2d 1073, 1075-1077 (4th Cir. 1991); United States v.

3

Snow, 234 F.3d 187, 191 (4th Cir. 2000)). The defendant "as the party alleging a breach, ha[s] the burden of proving, by a preponderance of the evidence, that the government breached the agreement." Conner, 930 F.2d at 1076. To trigger a district court's review of a prosecutor's decision, a defendant must do more than claim he provided assistance or allege that the United States acted in bad faith; he must make a "substantial threshold showing" of one of the qualifying circumstances. Wade, 504 U.S. at 186.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The court may dismiss § 2255 claims that fall within the scope of a valid § 2255 waiver. Id. Furthermore, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. If the court determines that petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted).

As stated, the government argues that all of Vega's claims are waived, pursuant to the waiver of § 2255 rights included in the PA. This waiver provision, however, applies only to § 2255 claims concerning "the judgment and any part of the sentence imposed upon [defendant] by the Court." (PA para. 12). As Vega clarifies in his response to the motion to dismiss, his claims do not concern the sentence imposed, because at the time of sentencing, the government's investigation stemming from information Vega provided was not yet complete.[1] Because Vega's current claims clearly do not

---

[1] During the sentencing hearing, the prosecutor informed the court, "we would note . . . that certainly Mr. Vega was very forthright in talking to the government. That may bear some fruit down the road. In terms of a Rule 35, it's early to discuss that." (Sent. Tr. 8). Thereafter, Vega's own attorney stated to the court, "as the government has said, [Mr. Vega] has been very cooperative, very candid, very honest, very open, very forthright. And we're hoping, following up on this the information, that he has will be helpful and fruitful with a future motion for a reduction of his sentence. We'll have to see how that happens." (Sent. Tr. 9).

4

concern a challenge to the term of confinement imposed on him at sentencing, the court finds that these claims fall outside the scope of the waiver of § 2255 rights included as Paragraph 12 of the plea agreement.

The court also finds, however, that Vega's claims do not merit relief under § 2255. Vega argues that the government promised in the plea agreement to file a Rule 35 motion on his behalf at some time after sentencing. The plea agreement contains no such promise, however. The agreement offers nothing more than an opportunity to be considered for a sentence reduction, based on substantial assistance. The decision–as to whether the assistance offered qualifies as "substantial" so as to warrant a sentence reduction–lies solely within the discretion of the prosecutor's office. (PA para. 18). The agreement also expressly indicated that Vega's guilty plea was not contingent on any promise of a future motion for sentence reduction. Id. Vega's initials on each page and signature on the plea agreement indicate that he read and understood the agreement's provisions. His statements to the court under oath during the plea hearing also indicate Vega's understanding that no one had promised him a substantial assistance motion in exchange for his guilty plea:

| THE COURT: | Mr. Vega, is what Mr. Bassford said about your plea agreement been an accurate statement of what your bargaining with the government– what you promised to do and what you believe the government has represented that it will do in return? |
|---|---|
| MR. VEGA: | Yes, Your Honor. |
| THE COURT: | I wonder, has anyone made any additional promises to you, sir, or guarantees or given you any representations or any indication as to how your case would turn out, what result will obtain, other than the provisions of the plea agreement just summarized by Mr. Bassford? |
| MR. VEGA: | No, Your Honor. |
| THE COURT: | No one's told you that you'll receive a particular sentence or particular treatment should you plead guilty? |
| MR. VEGA: | No. |

(Plea Tr. 7). The court later asked Vega, "Do you understand there's no guarantee you'll receive a favorable substantial assistance motion? It may very well be that the government will decline to make such a motion and the government possesses the discretion to decide whether you should receive such a motion or not." Vega answered, "Yes, Your Honor." (Plea Tr. 12).

5

As the record reflects that the government made no plea agreement promise to file a Rule 35 motion on Vega's behalf, he has not demonstrated any bad faith or breach of the plea agreement on the part of the government. Moreover, the record belies Vega's claims that he entered the plea agreement believing that he had been promised a Rule 35 reduction after sentencing. As such claims are in direct contradiction to statements he made during the plea hearing, they are "palpably incredible" so as to be subject to summary dismissal. Lemaster, 403 F.3d at 220.

Finally, Vega fails to allege facts indicating that the government made any separate, post-plea agreement promise, written or verbal, to file a Rule 35 motion in Vega's case. The fact that someone may have told him that his information fell within the factors to be considered in a substantial assistance analysis, as listed in Paragraph 18 of the plea agreement, does not constitute a promise that the prosecutor will make the motion. Vega also fails to allege facts indicating that the government decided against filing a Rule 35 motion based on any unconstitutional reason. Therefore, he fails to make a "substantial threshold showing" that the government acted in bad faith in failing to move for reduction in his case. Wade, 504 U.S. at 186.

## Conclusion

The court finds that the motion to dismiss on the ground that Vega waived his right to file his current § 2255 claims must be denied. However, the court also finds that the motion to dismiss must be granted on the ground that Vega's claims are without merit. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v.

McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this opinion and the accompanying order to the petitioner and counsel of record for the government.

**ENTER**: This 21st day of October, 2008.

/s/ Glen Conrad
United States District Judge